UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AETNA INC., *et al.*,<br><br>    **Plaintiffs,**<br><br>v.<br><br>OPEN MRI AND IMAGING OF RP VESTIBULAR DIAGNOSTICS, P.A.,<br><br>    **Defendant.** | Case No. 21–cv–20043–CCC–ESK<br><br>REPORT AND RECOMMENDATION |

**KIEL, U.S.M.J.**

    **THIS MATTER** is before the Court on the motion of plaintiffs Aetna, Inc. and Aetna Life Insurance Company (collectively, Aetna) for sanctions (Motion for Sanctions) against defendants: (1) Open MRI and Imaging of RP Vestibular Diagnostics, P.A. (Open MRI); (2) Vestibula Diagnostics, P.A. (Vestibula); (3) Universal Wellness Medical, Inc. (Universal); (4) St. Irene Realty Corp.; (5) Stephen J. Conte, D.O.; and (6) Eugene DeSimone, M.D. (collectively, Conte Defendants). (ECF No. 75.) The Motion for Sanctions was filed on January 7, 2023. (*Id.*) The Conte Defendants filed an opposition to the Motion for Sanctions on February 13, 2023 (ECF No. 82), to which Aetna filed a reply on February 21, 2023 (ECF No. 86). At my request (ECF No. 91), the parties filed supplemental submissions relating to the Motion for Sanctions on May 2 and 8, 2023 (ECF Nos. 94, 95). For the following reasons, I recommend that the Motion for Sanctions be GRANTED in part and DENIED in part, wherein the Conte Defendants' answer be stricken and default be entered against them, and Aetna be granted leave to file a motion for default judgment against the Conte Defendants.

## I. BACKGROUND

### A. <u>Complaint and Initial Default</u>

Aetna filed this action on November 17, 2021, to recover money paid because of allegedly fraudulent schemes of the Conte Defendants, among others,[1] "to enrich themselves off the COVID-19 pandemic." (ECF No. 1 ¶ 1.) Although the Conte Defendants had represented to Aetna "that they had all [of] the requisite certifications and licenses necessary to perform such tests" (*id.* ¶ 56), Aetna learned that this was false (*id.* ¶¶ 57, 59, 61). Aetna also alleges that the Conte Defendants "bill[ed] for medical services that did not occur … and inflat[ed] charges for routine evaluation and management services." (*Id.* ¶ 3.) "As a result of the submission of false and fraudulent claims," Aetna asserts that it paid fees in excess of $580,000. (*Id.* ¶¶ 104, 110.)

Open MRI, Vestibula, Universal, and Dr. Conte were granted an extension through December 23, 2021 to respond to the complaint. (*See* ECF No. 8; docket entry before ECF No. 9.) Following their failure to timely respond to the complaint, the Clerk of the Court granted Aetna's request that default be entered against Open MRI, Vestibula, Universal, and Dr. Conte on January 31, 2022. (ECF No. 20; third docket entry before ECF No. 22.)[2] Pursuant to the Conte Defendants' motion to vacate default (Motion to Vacate Default) (ECF No. 21) and

---

[1] Aetna also names as defendants: (1) Integrated Wellness Medicine, LLC; (2) Salvatore Conte, M.D.; (3) Raymond Reiter, M.D.; (4) Doney Jain, M.D.; (5) George Hermann, M.D.; and (6) Colin A. Pemberton, M.D.

[2] The request for default was incorrectly titled on the docket as a "motion for default judgment." (*See* ECF No. 20.)

2

over Aetna's objection (ECF No. 24), the entry of default was vacated on April 27, 2022 (ECF No. 34).[3]

### B. Motion to Dismiss and Cross-Motion

On April 29, 2022, the Conte Defendants filed a pre-answer motion to dismiss (Motion to Dismiss). (ECF No. 36.)[4] I held an initial scheduling conference on May 11, 2022 (ECF No. 39) and entered an order setting forth a discovery schedule (*id.* ¶ 5). On June 21, 2022, Aetna filed an opposition to the Motion to Dismiss and a cross-motion for partial judgment on the pleadings (Cross-Motion). (ECF No. 45.) The Conte Defendants did not file a reply to the Motion to Dismiss or opposition to the Cross-Motion.

On November 23, 2023, District Judge Claire C. Cecchi denied the Motion to Dismiss and Cross-Motion. (ECF Nos. 69, 70.) Judge Cecchi found that Aetna had sufficiently pleaded its claims and Aetna's cross-motion was premature because defendants had yet to respond to the complaint. (ECF No. 69 pp. 7–14.)

### C. First Sanction Request

While the Motion to Dismiss and Cross-Motion were pending, Aetna filed a letter on September 22, 2022 seeking sanctions to be imposed against the Conte Defendants (First Sanction Request). (ECF No. 55.) The First Sanction Request outlined the Conte Defendants' "flagrant pattern of disregard for [the] Court['s] rules and orders" in this and other cases before this Court, as well as

---

[3] Although of the Conte Defendants, default had been entered only as to Open MRI, Vestibula, Universal, and Dr. Conte (ECF No. 20; third docket entry before ECF No. 22), all Conte Defendants joined in filing the Motion to Vacate Default (ECF No. 21). The Motion to Vacate Default was filed on January 29, 2023 before default had been entered against Open MRI, Vestibula, Universal, and Dr. Conte. (*See* ECF No. 34 (vacating the entry of default against Open MRI, Vestibula, Universal, and Dr. Conte as premature).)

[4] The Motion to Dismiss sought to dismiss "Aetna's [c]ounterclaims." (ECF No. 36–1 p.7.) Aetna, however, had not filed any counterclaims.

3

the United States Bankruptcy Court for this district.[5] (ECF No. 55 p. 3.) Aetna had served discovery requests on the Conte Defendants on August 11, 2022, the Conte Defendants neither responded nor sought an extension to respond. (*Id.* p. 1.) Aetna's counsel contacted the Conte Defendants' counsel, Jeffrey Randolph, Esq., on September 13, 2022 to inquire as to the status of the discovery responses. (*Id.* pp. 1, 2.) The Conte Defendants and Mr. Randolph, however, "simply ignored" Aetna's counsel. (*Id.*) Aetna also noted how the Conte Defendants disregarded the deadline to file an answer to the complaint and instead filed the Motion to Dismiss. (*Id.* p. 2.)

The Conte Defendants filed a response to the First Sanction Request on October 5, 2022 (Response to Sanction Request). (ECF No. 58.)[6] In the Response to Sanction Request, the Conte Defendants explained that due to their and Mr. Randolph's unavailability, information could not be gathered to respond to Aetna's discovery requests. (ECF No. 58.) Given these "exigent circumstances," the Conte Defendants requested a 30-day extension to provide discovery. (*Id.*) On October 6, 2022, I granted the extension request and ordered the Conte Defendants to produce discovery to Aetna by November 4, 2022. (ECF No. 59.)

### D. Motion to Withdraw

During the extension period for the Conte Defendants to provide discovery to Aetna (*see id.*), Mr. Randolph requested on leave to file a motion for his law firm to be relieved as counsel (Withdrawal Request) (ECF No. 60). Mr. Randolph

---

[5] These other cases include: (1) *Open MRI and Imaging of RP Vestibula Diagnostics v. Horizon BCBS of NJ*, 2:21-cv-10991-WJM-AME (Horizon Action); (2) *Open MRI and Imaging of RP Vestibular Diagnostics, P.A. v. Cigna Health and Life Ins. Co.*, 2:20-cv-10345-KM-ESK (Cigna Action); and (3) *In re Stephen Conte, Jr.*, 2:18-bk-29278-JKS (Bankruptcy Action) (collectively, Related Actions). (ECF No. 55 pp. 2, 3.)

[6] Although I directed the Conte Defendants to file the Response to Sanction Request by September 30, 2022, (ECF No. 56), it was not filed until October 5, 2022 (ECF No. 58).

advised that the Conte Defendants: (1) "ha[d] not cooperated with [his law] firm on numerous occasions"; (2) failed to "provid[e] information necessary to prosecute [this action] and meet deadlines set up [by] the [C]ourt"; and (3) was "in significant arrears on the fees owed to [his law] firm." (*Id.*)[7]

On October 31, 2022, I entered an order granting the Withdrawal Request. (ECF No. 61.)[8] The order set a briefing schedule for the anticipated motion to withdraw and a hearing date for November 23, 2022 (Hearing), at which the Conte Defendants were directed to appear. (*Id.*) At my direction, Mr. Randolph filed a proof of service indicating that of the Conte Defendants, Mr. Conte had been served with the order. (ECF No. 62.)

On November 6, 2022, two days after the deadline for the Conte Defendants to produce discovery (*see* ECF No. 59), Mr. Randolph filed a motion to withdraw (Motion to Withdraw) (ECF No. 64). In support of the Motion to Withdraw, Mr. Randolph submitted a sealed certification (Randolph Certification)[9] that set forth troubling allegations about the Conte Defendants' conduct in this case and the Related Cases. (ECF No. 65.) Mr. Randolph accused the Conte Defendants of: (1) giving him "materially inaccurate information"; (2) "confirm[ing] attendance at multiple depositions only to inform [him] at the last minute that [their representatives] had to fly [overseas] for purported family emergencies or other issues which turned out to be less than accurate"; (3) failing to provide, in this action and the Cigna Action, "claim information, patient information, supporting

---

[7] An almost identical request was filed at ECF No. 81 in the Cigna Action. In the Cigna Action, some of the Conte Defendants were plaintiffs seeking to affirmatively prosecute their claims for reimbursement against Cigna.

[8] On October 31, 2022, I entered a similar order in the Cigna Action at ECF No. 83 granting Mr. Randolph leave to file a motion to withdraw.

[9] The Randolph Certification was originally filed under seal (ECF No. 65), and I reviewed it *in camera* (ECF No. 72 p.5). An almost identical version of the Randolph Certification was also filed in the Cigna Action and the Hearing was scheduled for the same time as the hearing set in the Cigna Action.

5

records, and other critical information … to allow discovery responses to be completed and served on the other parties" despite Mr. Randolph's law firm making such "request[s] on numerous occasions" and having received an extension to provide these responses; (4) transferring, without notice, most of the funds declared in the Horizon Action as having been in one account to other company bank accounts, thereby rendering the declaration previously submitted in the Horizon Action inaccurate; and (5) failing to comply with the court's deadlines in the Bankruptcy Action to file certain information.  (*Id.* ¶¶ 8, 9, 12, 13, 18.)  On November 15, 2022, Aetna filed a response to the Motion to Withdraw and advised that while it did not oppose Mr. Randolph's withdrawal, it was seeking sanctions against the Conte Defendants for failure to comply with the Court's orders.  (ECF No. 67.)

Aetna also filed a separate letter seeking sanctions to be imposed against the Conte Defendants (Second Sanction Request).  (ECF No. 66.)  The Second Sanction Request further outlined the Conte Defendants' history of failing to comply with the Court's orders and emphasized that despite the Conte Defendants having been granted an extension to produce discovery (*see* ECF No. 59), no discovery was produced (ECF No. 66 pp. 2, 3).

The Conte Defendants did not file a response to the Motion to Withdraw or Second Sanction Request.  They also failed to appear for the Hearing.  (*See* ECF No. 72.)

I noted at the Hearing that while Aetna had "not been privy to the contents of" the Randolph Certification, "it … should remain sealed for" now, unless "the information contained therein … must be acted on by the Court."  (ECF No. 72 p. 10.)  For the reasons stated on the record at the Hearing, I: (1) granted the Motion to Withdraw; (2) ordered the corporate Conte Defendants to obtain substitute counsel by December 7, 2022; and (3) granted Aetna leave to file the underlying Motion for Sanctions.  (ECF No. 68 ¶¶ 1–3, 5; ECF No. 72 pp. 10–12.)

6

On December 14, 2022, one week past the deadline to obtain substitute counsel, Jonathan S. Goodgold, Esq. entered his appearance for the Conte Defendants. (ECF No. 73.) I held a status conference on January 9, 2023, after which I entered an order setting a briefing schedule for the Motion for Sanctions and directing the parties to file a proposed amended discovery schedule by January 30, 2023. (ECF No. 76 ¶¶ 1, 2.) While the Conte Defendants filed their answer to the complaint on January 10, 2023 (ECF No. 77), a proposed amended briefing schedule was not timely filed (*see* ECF No. 87).

Given that the Conte Defendants had failed to timely move to seal the Randolph Certification, s*ee* L.Civ.R. 5.3(c)(2), I entered an order on February 7, 2023 directing Mr. Randolph and the Conte Defendants to show cause why the Randolph Certification should not be unsealed. (ECF No. 81.) The Conte Defendants responded to the order to show cause on February 13, 2023 (ECF No. 83) and filed a motion to seal the Randolph Certification on February 21, 2023 (Motion to Seal) (ECF No. 85). Mr. Randolph filed no response.

While the Motion to Seal was pending, Magistrate Judge André Espinosa unsealed on March 20, 2023 a nearly-identical certification of Mr. Randolph in the Horizon Action. (*See* ECF No. 90) Because "there is no legal basis to seal publicly available information," I unsealed the Randolph Certification on April 13, 2023. (*Id*. (quoting *Berrada v. Cohen*, No. 16-00574, 2017 WL 11477122, at *1 (D.N.J. Mar. 6, 2017).)

On November 3, 2023, Michael P. DeMarco, Esq. was substituted as the Conte Defendants' counsel. (ECF No. 104.)

## II. MOTION FOR SANCTIONS

In its moving papers in support of the Motion for Sanctions, Aetna recites the lengthy procedural history and its — and the Court's efforts — to get the Conte Defendants to produce discovery. (ECF No. 75–2 pp. 6–9.) Aetna argues that because "the Conte Defendants have shown that any other half-measure will

7

fail to compel their engagement in this litigation," the following sanctions should be imposed: (1) the facts at issue in Aetna's discovery requests, including facts about the Conte Defendants' improper billing and unlawful conspiracy, shall be deemed admitted and the Conte Defendants shall be ordered to produce discovery without regard of their objections and/or privileges; (2) the Conte Defendants shall be ordered to pay attorneys' fees and costs; and (3) default judgment shall be entered against the Conte Defendants.  (*Id.* pp. 12–18.)

In opposition, the Conte Defendants submit a certification from Mr. Conte (Conte Certification) (ECF No. 82–2) that throws Mr. Randolph under the proverbial-bus.[10]  Mr. Conte certifies that Mr. Randolph: (1) "chose … to file [the] [M]otion to [D]ismiss, rather than just answer the complaint" without providing the Conte Defendants with an explanation; (2) "had very little interaction[s] with" the Conte Defendants and "would not advise [the Conte Defendants] regarding the steps [they] needed to take proactively" to defend this action; and (3) "failed to advise of the importance of responding to … discovery, or even that discovery had a specific end date."  (*Id.* ¶¶ 4–10.)  The Conte Defendants also argue that because they did not file their answer to the complaint until November 2022, Aetna's August 2022 discovery requests were premature.  (ECF No. 82 p. 5.) Since discovery was outstanding for only five months before the Motion for Sanctions was filed and Aetna's counsel made no good faith effort to meet and confer as to this discovery dispute, the Conte Defendants argue that the Motion for Sanctions should be denied.  (*Id.* pp. 6–13.)

Aetna argues in reply that the Conte Defendants' "excuses" to justify their failure to produce discovery and comply with the Court's orders "fail as a matter of both fact and law."  (ECF No. 86 p. 5.)  Aetna asserts that despite its counsel's repeated efforts to meet and confer with Mr. Randolph and Mr. Goodgold to

---

[10] The Conte Certification (ECF No. 82–2) uses an incorrect jurat.  18 U.S.C. § 1746.

8

resolve the underlying discovery dispute, the Conte Defendants have yet to produce discovery. (*Id.* pp. 7, 9.) In further support of its position, Aetna notes in its supplemental submission that the Randolph Certification reveals that the Conte Defendants "not only refused to engage in discovery, but … actively sought to subvert … [their discovery obligations] by producing inaccurate information" to Mr. Randolph. (ECF No. 94 p. 2.) Aetna argues that the inconsistencies between the Conte Certification and Randolph Certification "further underscores the Conte Defendants' willingness to play fast-and-loose with the Rules … and their utter indifference to their obligations in this case." (*Id.*)

The Conte Defendants filed a response to Aetna's supplemental submission. (ECF No. 95.)[11] They argue that what happened in the Related Actions are not relevant to the communications between the Conte Defendants and Mr. Randolph. (*Id.* p. 2.) The Conte Defendants note that when Mr. Goodgold requested their file from Mr. Randolph, all he was provided was a "smattering of documentation and e-mails." (*Id.*) Mr. Goodgold attempted to confer and request from Aetna's counsel "a short period of time to get fully into the case and respond to the discovery," but Aetna's counsel advised that sanctions would still be sought. (*Id.*)

## III. DISCUSSION

"A district court may enter default as a sanction." *Chanel, Inc. v. Craddock*, No. 05-01593, 2006 WL 469952, at *2 (D.N.J. Feb. 27, 2006). Since such a sanction is "extreme," the striking of pleadings is appropriate to address a party's "flagrant bad faith" and "callous disregard" of discovery obligations.

---

[11] The parties were ordered to file their supplemental submissions on the same day. (*See* ECF No. 91.) The Conte Defendants, however, waited until Aetna filed its supplemental submission on May 2, 2023 (ECF No. 94), to which they then filed a response on May 8, 2023 (ECF No. 95).

9

*National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643 (1976); *Harris v. City of Phila.,* 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

Pursuant to Federal Rule of Civil Procedure (Rule) 55, "a district court has discretion to enter a default judgment when a party has failed to plead or otherwise defend in an action." *Chanel, Inc.*, 2006 WL 469952, at *2. Rules 16(f) and 37 similarly authorize a district court to "sanction a recalcitrant party for failure to obey a scheduling … or pretrial order" or cooperate in discovery. *Id.* (noting that "[u]nlike Rule 37(b)(2)(C), Rule 16(f) permits a district court to impose the sanction of default *sua sponte*").

When "faced with issuing an order that would deprive a litigant of the right to proceed with or defend against a claim," such as striking a party's pleading, courts ordinarily consider the following six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense [(collectively, *Poulis* factors)].

*Id.* at *3 (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). No single *Poulis* factor is determinative and default judgment may be appropriate even if some of the factors are not met. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Moreover, "when a litigant's willful conduct prevents the case from going forward" and makes adjudication impossible, *Poulis* balancing is unnecessary. *Carolee, LLC v. eFashion Sols., LLC*, No. 12-02630, 2013 WL 3336789, at *1 (D.N.J. July 2, 2013) (quoting *Dover v. Diguglielmo,* 181 F.App'x 234, 238 (3d Cir. 2006)).

### A.     <u>Impossible to Adjudicate</u>

The Conte Defendants have made it impossible to adjudicate this action. *See Carolee, LLC*, 2013 WL 3336789, at *1. The Conte Defendants had numerous opportunities to comply with the Court's orders. Because they did nothing in response to each opportunity and now, belatedly, place the blame on Mr. Randolph, I find that striking the answer and entry of default is warranted.

The first opportunity arose following the First Sanction Request. (ECF No. 55.) Over Aetna's objection, I granted the Conte Defendants a 30-day extension to respond to Aetna's discovery requests. (ECF No. 59.) The Conte Defendants, however, failed to produce discovery or request an extension to do so.

After the Motion to Withdraw was filed, the Conte Defendants were provided with their second opportunity. (*See* ECF Nos. 68, 72.) In the Randolph Certification, Mr. Randolph set forth specific details of the Conte Defendants' refusal to cooperate with his efforts and the Court's orders to produce discovery. (ECF No. 65.) In response to the Motion to Withdraw, Aetna renewed its request for sanctions (ECF Nos. 66, 67), but the Conte Defendants failed to file a response. The Conte Defendants also failed to attend the Hearing, despite the Court ordering otherwise. (*See* ECF Nos. 61, 72.) The Hearing would have been an opportune time for the Conte Defendants to set the record straight, but no one appeared.

The third opportunity has been pending since Mr. Goodgold entered his appearance in December 2022. (ECF Nos. 73, 74.) Although the Motion for Sanctions was filed about a month after Mr. Goodgold began to represent the Conte Defendants, over a year has passed without the Conte Defendants having made an effort to produce discovery. Over two months ago, the Conte Defendants substituted Mr. Goodgold with Mr. DeMarco. (ECF No. 104.) And despite Mr. DeMarco's appearance, no overture has been made by the Conte Defendants to engage in discovery.

11

Beyond blaming Mr. Randolph for the delay in discovery, the Conte Defendants have neither assured nor demonstrated that they will comply with further discovery orders. I agree with Aetna that "[e]nough is enough." (ECF No. 86 p. 4.) At this time, 17 months have passed since Aetna served the Conte Defendants with its discovery requests. (*See* ECF No. 55.) The parties dispute to what extent Aetna has made a good faith effort to resolve the discovery dispute (ECF No. 82 p. 6; ECF No. 86 p. 9), however, the Conte Defendants have done *nothing* to comply with their discovery obligations.[12] Hence, the time has now come for the Conte Defendants to deal with the consequences.

Accordingly, I recommend that the Conte Defendants' answer be stricken, default be entered against the Conte Defendants, and Aetna be granted leave to file for default judgment.

### B. *Poulis* Factors

Although I find that Conte Defendants' answer should be stricken and default be entered against them, because they have made it impossible to adjudicate this case, I will also weigh the *Poulis* factors as another basis for imposing such a sanction. *See Malia v. Amazon.com, Inc.*, No. 17-05155, 2019 WL 6498919, at *2 (D.N.J. Nov. 12, 2019) (noting that, although unnecessary, the Court will weigh the *Poulis* factors "out of an abundance of caution"), *report & recommendation adopted*, 2019 WL 6493235 (D.N.J. Dec. 3, 2019).

#### 1. **Extent of Personal Responsibility**

The first *Poulis* factor requires an evaluation of "whether the misconduct that occurred is attributable to the party or the party's attorney." *Wortman v.*

---

[12] The Conte Defendants argue that the Motion for Sanctions should be denied because Aetna failed to certify in compliance with Rule 37 that its counsel "in good faith met and conferred with the Conte Defendants' prior counsel regarding the [discovery] deficiencies." (ECF No. 82 p. 6.) Although the Motion for Sanctions indeed fails to include such a certification, I had granted Aetna leave to seek sanctions upon being satisfied that it made multiple attempts to resolve the discovery dispute without judicial intervention. (ECF No. 68 ¶ 5; ECF No. 72 pp. 10–12.)

*Brown*, No. 05-01411, 2006 WL 1044787, at *2 (D.N.J. Apr. 18, 2006). The Conte Defendants would have the Court conclude that they bear no blame for failing to respond to Aetna's discovery requests. While the Conte Defendants allege that the blame rests solely with Mr. Randolph, I find otherwise.

The Conte Defendants' failure to seize at least one of the opportunities *known and available* to them to right the ship, along with the damning allegations of Mr. Randolph, is substantial evidence that the Conte Defendants have been aware of their obligations to produce discovery and comply with the Court's orders. Indeed, the only way that the Conte Defendants could have been unaware that something was amiss with this case is if the Conte Defendants willfully turned a blind eye to the various notices and accusations their prior counsel and Aetna have made.[13] The Conte Defendants have now substituted their counsel twice (ECF Nos. 73, 74, 104), but no discovery has been produced. *See Wyndham Hotels & Resorts, LLC v. Welcome Hotel Grp. LLC*, No. 17-04065, 2019 WL 13227089, at *2 (D.N.J. Dec. 10, 2019) (finding that "if [the] [d]efendants sought to actively litigate this case and were being thwarted by an unresponsive attorney, they would have either found another lawyer or, at the least, alerted the Court as to their predicament"). Therefore, the blame for failing to produce the outstanding, basic discovery to adjudicate this action rests squarely with the Conte Defendants.

### 2. **Prejudice to the Adversary**

"[P]rejudicial harm entails the burden imposed by impeding a party's ability to effectively prepare a full and complete trial strategy." *Id.* at *3 (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). Although I have ordered the Conte Defendants to comply with Aetna's discovery requests, the Conte

---

[13] Mr. Conte certifies that given Mr. Randolph's lack of communication, "[e]verything [the Conte Defendants] learned … was in response to a filing by Aetna, or deadlines imposed by the Court." (ECF No. 82–2 ¶ 5.) The Conte Defendants, thereby, admit to being on notice of their obligations and the Court's deadlines.

13

Defendants evidently believe they are not bound by the Court's orders. The Conte Defendants' failure to provide discovery has impaired Aetna's ability to prosecute this matter. *See Adams v. Trustees, N.J. Brewery Trust Fund,* 29 F.3d 863, 874 (3d Cir. 1994) (finding that prejudice encompasses deprivation of information from non-cooperation with discovery).

### 3. History of Dilatoriness

Discovery has been ongoing for a substantial time. Aetna's discovery requests to the Conte Defendants have been pending since August 2022. (*See* ECF No. 55.) Since then, the Conte Defendants have done nothing to advance discovery. Orders compelling the Conte Defendants to produce discovery followed, but the Conte Defendants did not and, to this date, have not complied. The Conte Defendants also have a history of not complying with the Court's orders (ECF Nos. 56, 59, 61, 68, 76) imposing deadlines and directives. *See Adams*, 29 F.3d at 874 (holding that "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders"); *see also Chiarulli v. Taylor*, No. 08-04400, 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010) (recommending dismissal of a complaint, *sua sponte*, where plaintiff's "consistent failure to participate in the litigation weighs in favor of dismissal of the complaint"), *report and recommendation adopted*, 2010 WL 1566316 (D.N.J. Apr. 16, 2010).

### 4. Willful or Bad Faith Conduct

Willfulness or bad faith exists where no reasonable excuse for the conduct in question exists. *Ware*, 322 F.3d at 224. Here, the Conte Defendants do not claim that the information and documents sought by Aetna are not relevant or essential. As set forth above, the Conte Defendants have been aware of their obligations to comply with the Court's orders but have willfully disregarded their discovery obligations.

14

### 5.     Effectiveness of Alternative Sanctions

No sanction, other than striking the Conte Defendants' answer and entering default against them will be effective to move this action to resolution. *Wyndham Hotels & Resorts, LLC*, 2019 WL 13227089, at *3 (finding that "[w]here a litigant refuses to comply with court orders or otherwise participate in the discovery process, alternative solutions are likely to be ineffective").   I recognize that striking an answer and entering default is a "extreme" sanction that should be done as only a last resort.   *National Hockey League,* 427 U.S. at 643.   While Aetna also seeks designated facts to be deemed as established, I believe the proper procedure would be for Aetna to move for default judgment.

Moreover, there may be situations where the award of fees and costs are granted in conjunction with a sanction that deprives a litigant with proceeding or defending a case. *See In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Prod. Liab. Litig.*, 381 F. Supp. 2d 421 (E.D. Pa. 2005). However, here, I see no reason to further sanction the Conte Defendants by also awarding fees and costs to Aetna.   *Zanes v. Flagship Resort Dev., LLC*, No. 09-03736, 2012 WL 602778, at *5 (D.N.J. Jan. 30, 2012) (recommending that the request for fees be denied because "dismissal of [the] plaintiffs' claims [was] a sufficient sanction for their failure to respond to the [c]ourt's [o]rders"), *report and recommendation adopted*, No. 09-03736, 2012 WL 602774 (D.N.J. Feb. 22, 2012).

### 6.     Meritoriousness of the Defense

To determine the meritoriousness of a claim or defense, "a court need only satisfy itself that 'the allegations of the pleadings, if established at trial … would constitute a complete defense.'"   *Chanel, Inc.*, 2006 WL 469952, at *2 (quoting *Poulis*,  F.2d at 870).   Although this action has been ongoing since November 2021, the Conte Defendants have refused to respond to Aetna's discovery requests.   Since the Conte Defendants have refused to subject themselves to

15

scrutiny through the discovery process, it is fair to conclude that Aetna's claim are meritorious.

## RECOMMENDATION AND ORDER

I issue this report and recommendation based upon my review of the papers and without oral argument. *See* Fed.R.Civ.P. 78(b); *see also* L.Civ.R. 78.1(b). For the reasons stated above, it is:

1.     **RECOMMENDED** that the Motion for Sanctions be **GRANTED in part** and **DENIED in part.**

2.     **RECOMMENDED** that the Conte Defendants' answer be stricken and default be entered against them.

3.     **RECOMMENDED** that Aetna be granted leave to file a motion for default judgment against the Conte Defendants.

3.     **RECOMMENDED** that the other aspects of the Motion for Sanctions be denied.

4.     **ORDERED** that the Clerk of the Court administratively terminate the Motion for Sanctions at **ECF No. 75** pending the review of this report and recommendation.

5.     **ORDERED** that the Clerk of the Court activate this report and recommendation to indicate that it requires further action by the District Judge.

6.     **ORDERED** that the parties have **14 days** to file any objections to this report and recommendation pursuant to Local Civil Rule 72.1(c)(2).


             /s/ *Edward S. Kiel*             
            **EDWARD S. KIEL**
            **UNITED STATES MAGISTRATE JUDGE**

Date:     January 4, 2024

16